```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
NEW ASIA ENTERPRISES LTD.,      :
                                :
              Plaintiff,        :
                                :
     -against-                  :     No. 13 Civ. 5271 (JFK)
                                :         OPINION & ORDER
FABRIQUE, LTD.,                 :
                                :
              Defendant.        :
------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/26/2017

**JOHN F. KEENAN, United States District Judge:**

    Defendant Fabrique, Ltd. ("Fabrique") moves for summary judgment under Federal Rule of Civil Procedure 56 because there is no dispute that Plaintiff New Asia Enterprises Ltd. ("New Asia"), a Hong Kong corporation, is dissolved under Hong Kong law and lacks capacity to maintain this suit.  Fabrique argues that it is entitled to judgment as a matter of law because Federal Rule of Civil Procedure 17(b) precludes New Asia from maintaining suit.  New Asia counters that summary judgment is inappropriate because it "stands ready, willing and able" to apply for restoration of its corporate status.  Fabrique contends that New Asia's application for restoration would be futile.  The Court grants Fabrique's motion for summary judgment.

## I.  Background

The Court summarizes the facts from the parties' statements submitted in accordance with Local Rule 56.1 of the Southern and Eastern Districts of New York.  Unless otherwise noted, the parties do not dispute these facts.

New Asia organized as a corporation under Hong Kong law on May 7, 2004. (Def.'s Loc. R. 56.1 Statement ¶ 1.)  The Hong Kong Companies Ordinance (Chapter 622) governs Hong Kong corporations, (Id. ¶ 4.), and section 27 of the Companies Ordinance tasks the Hong Kong Companies Registrar with keeping the records of companies registered under the Companies Ordinance.  Companies Ordinance § 662 requires a Hong Kong private company to file an annual return every year.  New Asia last filed an annual return on May 7, 2012. (Id. ¶ 6.)  On September 4, 2015, after New Asia failed to file annual returns for three years, the Hong Kong Companies Registrar published a notice pursuant to Companies Ordinance § 743 in Hong Kong's Official Gazette that "unless cause is shown to the contrary," within three months of the publication, it would strike New Asia from the Companies Register and New Asia would be dissolved. (Id. ¶ 7.)  On January 8, 2016, the Hong Kong Companies Registrar published a notice that it had struck New Asia from the Companies Register and New Asia was "accordingly dissolved." (Id. ¶ 8.)

2

## II.  Applicable Law

"Capacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b); accord Marsh v. Rosenbloom, 499 F.3d 165, 177 (2d Cir. 2007) ("'[H]ow long and upon what terms a state-created corporation may continue to exist is a matter exclusively of state power,' with the federal government 'powerless to resurrect a corporation which the state has put out of existence for all purposes.'" (quoting Chi. Title & Tr. Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 127-28 (1937))).  A party must maintain its capacity to sue throughout litigation. Mather Constr. Co. v. United States, 201 Ct. Cl. 219, 225 (1973), quoted in 6A Charles Alan Wright et al., Federal Practice & Procedure § 1559 (3d ed. Apr. 2016 Update).

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  On summary judgment, a genuine dispute as to any material fact exists when evidence of record would permit a reasonable jury to decide in the non-movant's favor. Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 186 (2d Cir. 2015).  A court ruling on a motion

for summary judgment must credit the nonmoving party's evidence and draw all justifiable inferences in the nonmoving party's favor. Curry v. City of Syracuse, 316 F.3d 324, 329 (2d Cir. 2003).

When "determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.  "The court's determination must be treated as a ruling on a question of law." Id.

### III.  Discussion

Fabrique is entitled to summary judgment because the parties do not dispute that the Hong Kong Companies Registrar dissolved New Asia and, under Hong Kong law, a dissolved company lacks the capacity to maintain legal actions.  A stay is inappropriate because New Asia has not sufficiently shown that the Companies Registrar will reinstate New Asia.

Fabrique submits an unrebutted expert declaration on Hong Kong law to assist the Court. (See Moerdler Decl. Ex. A, ECF No. 63-1.)  Hong Kong's Companies Ordinance (Chapter 622) governs the duties of companies to maintain their good standing and appoints the Companies Registrar to oversee compliance with the law. See Companies Ordinance, (2014) Cap. 622, 10-11 §§ 21-28 (H.K.).  To maintain good standing, the Companies Ordinance requires a company to file an annual return with the Registrar

4

detailing current information about the company's affairs. Id. §§ 662, 664.  If the Registrar "has reasonable cause to believe that a company is not in operation or carrying on business," the Registrar may contact the company to inquire whether it continues to operate either by sending a letter or, if the Registrar determines that the company is unlikely to receive a letter, by publishing a notice in the Gazette that, "unless good cause is shown to the contrary, the company's name will be struck off the Companies Register, and the company dissolved, at the end of 3 months after the date of the notice." Id. § 744(3).  After publishing a notice in the Gazette, "the Registrar may, unless cause is shown to the contrary, strike the company's name off the Companies Register at the end of 3 months after the date of the notice." Id. § 746(1).  To do so, the Registrar "must publish in the Gazette a notice indicating that the company's name has been struck off the Companies Register." Id. § 746(2).  "On publication of the notice under subsection (2), the company is dissolved." Id. § 746(3).  Under Hong Kong law, a dissolved company ceases to exist as a legal entity and cannot "sue or do any other legal act unless and until it [i]s restored to the Company Register." Chan Yuet Ying v. Wong Choi Hung, [2016] H.K.E.C. 78 ¶ 65 (C.F.I.); accord Re Integrated Mktg. Commc'ns Ltd., [2015] 5 H.K.L.R.D. 362, 365 ¶ 7 (C.F.I.) ("As a matter of general principle, a company that is dissolved has ceased to

5

exist as a legal entity.  In the absence of express statutory provision such as found in s.291(7) of the previous Companies Ordinance before its repeal, a dissolved company is not normally in a position either to sue or be sued or indeed to do any other legal act."); Ng Pit Hak v. Ho Chin, [2010] H.K.E.C. 557 ¶ 8 (C.F.I.) (interpreting a predecessor Companies Ordinance and concluding that "[i]f a company is dissolved, all property and rights whatsoever vested in or held on trust for the company immediately before its dissolution, shall be deemed to be bona vacantia and shall belong to the Government, by virtue of section 292(a) of Companies Ordinance").  Indeed, under the effective Companies Ordinance, "every property and right vested in or held on trust for the company immediately before the dissolution is vested in the Government as bona vacantia" (i.e., ownerless property). Companies Ordinance § 752(1); Bona vacantia, Black's Law Dictionary (10th ed. 2014).

New Asia does not directly dispute Fabrique's Hong Kong law expert.  Nor does it dispute that the Registrar filed both notices causing its dissolution.  Rather, it contends that the Companies Ordinance permits it to apply for restatement nunc pro tunc "as if it had not been dissolved." Companies Ordinance § 764(1).  New Asia claims that it "stands ready, willing and able to do so.  In fact, it has begun the process." (Pl.'s Mem. of L. in Opp'n to Def.'s Mot. for Summ. J. 2, ECF No. 65

6

(emphasis in original).)  In support, New Asia submits a declaration from its President, Richard Grant, who states that he "only discovered that New Asia was struck off the Hong Kong Companies Register after Fabrique sought leave to make this motion for summary judgment" and that he has "instructed New Asia's Hong Kong-based professionals to begin the process of remediating this issue, and understand[s] that it may take several months." (Grant Decl. ¶¶ 3-4, ECF No. 67.)  Based on these statements, New Asia asks the Court to deny Fabrique's motion or to stay the action for six months to allow for restoration.

    New Asia is correct that the Companies Ordinance permits a company that has been struck off the Companies Register and dissolved under section 746 to apply to the Registrar to be restored to the Companies Register. See Companies Ordinance § 760(1)-(2).  But "[t]he Registrar must not grant an application made under section 760 unless all the conditions specified in subsection (2), and any other conditions that the Registrar thinks fit, are met." Id. § 761(1).  The conditions in subsection (2) are:

> (a)    that the company was, at the time its name was struck off the Companies Register, in operation or carrying on business;
>
> (b)    that, if any immovable property situate in Hong Kong previously vested in or held

7

>   on trust for the company has been vested in the Government under section 752(1), the applicant has obtained, at the applicant's own costs, the Government's confirmation that it has no objection to the restoration; and
>
> (c) that the applicant has delivered to the Registrar the documents relating to the company that are necessary to bring up to date the records kept by the Registrar

Id. § 761(2). Fabrique contends that New Asia cannot meet the requirements of section 762(2) of the Companies Ordinance because, by its own admission, it ceased operations in 2012. In support, Fabrique submits email correspondence between its counsel and New Asia's counsel between March 30, 2016, and April 7, 2016. (See Bertaccini Decl. Exs. D-E, ECF Nos. 72-4 to -5.) In an email dated April 6, 2016, New Asia's counsel provided "a chart of the approximate revenues earned by New Asia from Fabrique from 2004 to 2012 when New Asia ceased operations." (Id. Ex. D, at 1.) Confirming counsel's statement that New Asia ceased operations in 2012, the chart shows no revenue for that year, (id.), and in response to an inquiry from Fabrique's counsel, New Asia's counsel stated, "New Asia earned zero revenue from 2013 to present." (Id. Ex. E, at 1.) To date, despite being aware for more than nine months that it is dissolved, New Asia has not pointed to any evidence either to show that it has in fact applied for reinstatement or to rebut the record evidence that it ceased operations in 2012.

8

Based on this record, no reasonable jury could conclude that New Asia, a dissolved Hong Kong company as of January 8, 2016, now has the capacity to maintain its suit under Hong Kong law and, therefore, under Federal Rule of Civil Procedure 17(b). The Court declines to stay the litigation because New Asia has failed to produce any evidence that shows that, despite being currently dissolved, it will likely be reinstated, that it would be irreparably harmed absent a stay, that a stay would not harm Fabrique, or that any public interests support a stay. See Nken v. Holder, 556 U.S. 418, 433-34 (2009) (holding that the party requesting a stay bears the burden of proof and listing the "traditional" stay factors).

## Conclusion

Because New Asia lacks the capacity to maintain its suit against Fabrique under Hong Kong law and Federal Rule of Civil Procedure 17(b), Fabrique's motion for summary judgment is granted. The Court respectfully directs the Clerk of Court to terminate the motion pending at ECF No. 60, to enter judgment in favor of Fabrique, and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         January 26, 2017

*John F. Keenan*
John F. Keenan
United States District Judge